**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KURT JOHNSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | Case No. 3:18-CV-00783-NJR |
| | ) | |
| WILLIAM TRUE and KATHY HILL, | ) | Bankr. Nos. 18-40014, 18-40015 |
| | ) | |
| Appellees. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

This matter is before the Court on *pro se* Appellant Kurt Johnson's Motion for Leave to Proceed *in forma pauperis* (Doc. 3). Johnson appeals the judgment of the United States Bankruptcy Court for the Southern District of Illinois in case numbers 18-40014 and 18-50015.[1] The Court previously reserved ruling on Johnson's motion to proceed *in forma pauperis*, as his Notice of Appeal lacked much of the required information (Doc. 7).

On May 17, 2018, Johnson filed an Amended Notice of Appeal (Doc. 9), indicating he is appealing from the Bankruptcy Court's order dismissing both of his bankruptcy cases (*see* SDIL Bankr. No. 18-40014, Doc. 64). He also is appealing the Bankruptcy Court's denial of his Rule 59(e) Motion for Reconsideration (*Id.*, Docs. 74, 78, 83). For the following reasons, Johnson's motion to proceed *in forma pauperis* is denied, and this appeal is dismissed.

---

[1] Johnson's appeals of these bankruptcy cases have been consolidated, as the filings in both cases were nearly identical and raised the same issues as to the two separate debtors. For clarity purposes, the Court refers only to the documents filed in Bankr. No. 18-40014.

Appellant Kurt Johnson is a federal inmate housed in the Communications Management Unit at the United States Penitentiary at Marion ("USP Marion") (*Id.*, Doc. 25). Johnson is serving a 300-month sentence for 34 counts of mail fraud and one count of conspiracy to commit mail fraud related to a mortgage debt elimination scheme he and others operated in California from 2003 to 2005 (*Id.*). *See United States v. Johnson*, No. 05-0611-2 WHA (N.D. Cal. 2008)).

On January 8, 2018, Johnson initiated involuntary Chapter 7 bankruptcy proceedings against William True, the Warden of USP Marion, and Kathy Hill, the Intelligence Research Specialist for the Communications Management Unit at USP Marion, pursuant to 11 U.S.C. § 303(b)(1) (*Id.*, Doc. 1). Johnson alleged True and Hill were indebted to him pursuant to a **$20 billion** judgment he obtained from Judge Joan Donoghue of the "World Court in Netherlands" on January 14, 2016 (*Id.*).[2]

True and Hill moved to dismiss the involuntary bankruptcy petitions arguing, among other things, that Johnson failed to satisfy the eligibility requirements of Section 303(b)(1) (*Id.*, Doc. 25). Under Section 303(b)(1), they argued, an involuntary petition for bankruptcy may only be commenced if the petitioning creditor is the "holder of a claim . . . that is not . . . the subject of a bona fide dispute as to liability or amount." 11 U.S.C. § 303(b)(1). Because the alleged debtors denied the existence of the "false and imaginary" $20 billion judgment against them, the debt was subject to a bona fide dispute (*Id.*). Accordingly, they argued, Johnson could not have commenced the involuntary bankruptcy proceedings and the petitions must be dismissed. In response, Johnson argued the debtors'

---

[2] Johnson later filed an "Update of Debt Increase," stating that as of January 1, 2018, the amount owed by the debtors increased from $20 billion to $22 billion (*Id.,* Doc. 15).

"criminal conspiracy" obstructed him from obtaining a certified copy of the $20 billion judgment (*Id.*, Doc. 39).

The Bankruptcy Court held a hearing on the motions to dismiss on February 21, 2018 (*Id.*, Doc. 58). At the hearing, True testified that he had been the Warden at Marion since November 2016, he did not know Johnson prior to his employment at Marion, and his only association with Johnson since that time has been in his capacity as the Warden (*Id.*, Doc. 61). He further testified that he has never been served with a complaint or summons by Johnson, nor has he ever received a copy of any judgment in favor of Johnson (*Id.*). Likewise, Hill testified that she does no know Johnson outside of her employment, she has never been served with a complaint or summons by Johnson, and she has never received a copy of any judgment in favor of Johnson (*Id.*).

The Bankruptcy Court found True and Hill's testimony disputing the existence of a $20 billion judgment against them credible (*Id.*). Because the alleged debtors contested their liability, the Bankruptcy Court found the burden was on Johnson to show his claim was *not* the subject of a bona fide dispute (*Id.*). Yet, at the hearing, Johnson offered "absolutely no evidence to demonstrate the existence of a debtor/creditor relationship between the parties." (*Id.*). Most notably, the Bankruptcy Court found, Johnson was unable to produce a copy, certified or otherwise, of the alleged $20 billion World Court judgment (*Id.*). Accordingly, the Bankruptcy Court held Johnson failed to sustain his burden under 11 U.S.C. § 303(b)(1) and the claim was subject to a bona fide dispute. The motions to dismiss were granted, and Johnson's motions to reconsider were denied (*Id.*).

On April 5, 2018, Johnson filed a *pro se* appeal of the dismissal of his bankruptcy cases in this District Court (Doc. 1). In his statement of the issues on appeal, Johnson states that he

"seeks to present issues of clear error with the handling of evidence (facts) by the court. Issues of the wrong standards of law applied (de novo). And issues of an abuse of discretion as to equitable management of these actions." (*Id.*). Johnson also moves the Court to proceed *in forma pauperis* on appeal (Doc. 3).

In addition to these court filings, Johnson submitted to the Clerk's Office seven subpoenas to produce documents, information, or objects, to be served by the United States Marshals Service. One of these subpoenas is directed toward Judge Joan E. Donoghue of the International Court of Justice and seeks "certified copies of the two judgments entered on behalf of Executor-Kurt-F.-Johnson on 1-14-16." The remaining subpoenas are directed at the Director of Homeland Security, an FBI Agent, a former inmate at Marion and that inmate's mother, a BOP official, and Johnson's own mother.

## LEGAL STANDARD

A federal court may permit an indigent party to proceed without pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A). The court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case, however, if the action is clearly frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). The test for determining if an action is frivolous or meritless is whether the party can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The United States Supreme Court has observed that frivolous claims may be dismissed where the facts alleged are "clearly baseless," that is, allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). "As

those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.*

DISCUSSION

The Court is satisfied that Johnson is indigent based on his inmate account balance. Nonetheless, the Court dismisses this appeal as frivolous, because there are no rational arguments on the law or facts that Johnson could make in support of his claim.

As discussed by the Bankruptcy Court, the petitioning creditor has the burden of establishing a *prima facie* case that there is no bona fide dispute as to the alleged debtor's liability. *In re Reid*, 773 F.2d 945, 946 (7th Cir. 1985); *In re Better Care, Ltd.*, 97 B.R. 405, 418 (Bankr. N.D. Ill. 1989) (holding that "the burden is upon the petitioning creditors to prove . . . [t]hat their claims are not contingent as to liability or the subject of a bona fide dispute"); *In re Brooklyn Res. Recovery, Inc.*, 216 B.R. 470, 478 (Bankr. E.D.N.Y. 1997). If there is a genuine issue of fact that bears upon the debtor's liability, then the petition must be dismissed. *See In re Lough*, 57 B.R. 993, 997 (Bankr. E.D. Mich. 1986).

In this case, True and Hill disputed their liability and disavowed the very existence of the alleged $20 billion judgment. The Bankruptcy Court found that testimony credible. At that point, Johnson had the burden of proving his claim was not the subject of a bona fide dispute. Johnson could not do that, as it is apparent from the Bankruptcy Court record that he did not possess a copy of any judgment he claims to hold against True and Hill. Because an involuntary bankruptcy petition <u>may only be commenced</u> if there is no bona fide dispute as to the alleged debtor's liability, the Bankruptcy Court properly dismissed the cases when True and Hill disputed their liability and the existence of the alleged judgment. As a result,

there are no rational arguments Johnson can make on the law or the facts in support of his claim.

Furthermore, the subpoenas Johnson submitted to this Court cannot save his appeal. Generally, a district court acting as an appellate court in reviewing a bankruptcy case decision may consider **only evidence that was presented before the bankruptcy court and made part of the record**. *Edgewater Walk Apartments v. Mony Life Ins. Co. of America*, 1993 WL 525485 (N.D. Ill. 1993). Documents not made part of the bankruptcy record will not be allowed on appeal to be presented for the first time. *In re Envirodyne Industries, Inc.*, 214 B.R. 338, 345 (N.D. Ill. 1997). A certified copy of a judgment against True and Hill was not part of the Bankruptcy Court record, and thus this Court could not consider any such evidence on appeal. The subpoenas submitted to the Court will not be served by the United States Marshals Service.

Finally, the Court finds this appeal clearly frivolous. It is hard to imagine a case with allegations more fanciful, delusional, irrational, or wholly incredible than one where a federal inmate claims the Warden of his prison and a prison staff member are indebted to him in the amount of __$20 billion__ because a judgment was purportedly entered against them by the "World Court." And with no proof of any judgment to boot.

This appeal is baseless, and thus it is **DISMISSED**.

**IT IS SO ORDERED.**

**DATED:   June 1, 2018**

**NANCY J. ROSENSTENGEL**
**United States District Judge**